**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IMPULSE IMPORTS d/b/a IMPORT IMAGES, et. al.** ) ) ) | |
| **Plaintiffs** ) | **05 - 1 1 6 9 1 RCL** |
| **v.** ) ) | |
| **GLOBAL PRINTS, INC. d/b/a CAMPUS** ) **SALES, et. al.** ) ) | |
| **Defendants.** ) ) | |

## ORDER EX-PARTE SEIZURE

This cause has come before the Court upon the application of Plaintiffs for an ex-parte Order under 15 U.S.C. § 1116 (d)(4) and 17 U.S.C. §501, *et. seq*. to seize any and all infringing products bearing any of the Plaintiffs' trademarks and/or constituting an impermissible copy of any copyrighted matter of Plaintiffs in the care, custody or control of the Defendants, Global Prints d/b/a Campus Sales and Paul Kennedy, and after review of the papers and/or hearing, being fully advised, the court:

Hereby makes the following findings of fact and conclusions of law pursuant to 15 U.S.C., §1116 (d)(5)(A):

1.        The Plaintiffs are all holders of federal trademark registrations and are the owners and exclusive licensors of certain intellectual property rights identified in the Complaint.

2.        The Plaintiffs have used their respective trademarks in commerce on numerous products, including but not limited to posters and other similar products.

3.        The Plaintiffs Impulse Imports and Pyramid Posters have each entered into licensing agreements authorizing them to manufacture, sell and distribute posters bearing and containing the copyrights and trademarks of each of the Plaintiffs in this suit. (hereinafter referred to as the "Licensed Products").

4.        As a result of the marketing and sale of Licensed Products, the Plaintiffs have gained recognition and good will in their trade names and have come to be known as the source for licensed products.

5.        Plaintiffs have actively marketed and sold the Licensed Product within numerous geographical territories, including the Commonwealth of Massachusetts.

6.        Upon evidence presented to this Court, the Defendants have been manufacturing, distributing and selling posters that have not been authorized by the Plaintiffs and which posters contain a copy or exact replica of Plaintiffs' trademarks, an exact copy or replica of Plaintiffs' copyrighted images and which are substantially similar and nearly indistinguishable from Plaintiffs' Licensed Products such that they are creating a likelihood of confusion as to the origin and constitutes an infringement upon Plaintiffs' rights.

7.        The Plaintiffs have purchased infringing posters from the Defendants confirming the alleged illegal activity and/or provided documentary evidence demonstrating the Defendants' manufacture and sale of infringing products.

8.        Prior to the commencement of this action, no agent, servant or employee of the Plaintiffs notified the Defendants of the contemplated action to move to obtain an ex-parte seizure order.

9.        It is likely that without the ex-parte seizure order, the Defendants will simply transfer the infringing products in their possession to third parties, even if the Court issued an injunction order barring the transfer or sale of these materials.

10.       It is apparent that a seizure order is the only feasible means to protect against the disappearance of all unauthorized products in the possession of the Defendants.

11.       As a matter of law this Court finds that ex-parte seizure orders to seize

2

infringing merchandise are expressly permitted under 15 U.S.C. §1116 (d)(4).

12.     Ex-parte seizure orders have been granted by district courts in the past, including in favor of some of the Plaintiffs in this action, against individuals and companies passing off infringing merchandise to the public. See, *Fimab-Finanziaria Maglificio v. Helio Import/Export,* 601 F.Supp. 1 (S.D. Fla. 1983); *Fimab-Finanziaria Maglificio v.Kitchen,* 548 F.Supp. 248 (S.D. Fla. 1982). See Also, *Fifty Six Hope Road Ltd, et. al. vs. O.K. Mike et.al.,* Central District of California, Civil Action No. 03-1088; *Fifty Six Hope Road Ltd. et.al. v. Wailers, et. al.,* Central District of California, Civil Action No. 02-01894.

13.     The Plaintiffs have duly notified the United States Attorney of the proposed ex-parte action against the Defendants.

14.     The Plaintiffs have represented that they will post a security bond in the amount of $50,000.00 prior to the effectuation of this Order.

15.     As a matter of law this Court finds that an ex-parte seizure order in this matter is necessary to prevent the transfer of counterfeit goods to unknown third parties. *In re Vuitton et fils S.A.,* 606 F.2d 1 (2d. Cir. 1979).

16.     As a matter of law, I find that the Plaintiffs have demonstrated that an order other than an ex-parte seizure order is not adequate to achieve the purposes of Section 1114 of this title.

17.     As a matter of law, I find the applicants have not publicized the requested seizure.

18.     As a matter of law, I find the applicants are likely to succeed in showing that the persons against whom seizure will be ordered have used a counterfeit mark in connection with the sale, offering for sale, and distribution of goods and services.

19.     As a matter of law, I find an immediate and irreparable injury will occur if such seizure is not ordered.

20.     As a matter of law, I find the matter to be seized will be located at the places identified in the application.

3

21. As a matter of law, I find the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the persons against whom seizure would be ordered by granting the application. See, *Cadence Design Systems, Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997) ("A defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist its infringing activities").

22. As a matter of law, I find the persons against whom seizure would be ordered, or persons acting in concert with such persons, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

Having made the above-identified findings of fact and conclusions of law, the Court hereby ORDERS, ADJUDGES and DECREES that:

1. Upon the Posting of the Security Bond in the amount of $75,000.00, the United States Marshal for this judicial district and/or their designee jointly or severally, and persons acting under their supervision, shall seize and impound any and all infringing products bearing any of the Plaintiffs' trademarks and/or copyrights which the Defendants are in possession of, which Defendants are attempting to sell or are holding for sale, including any carton or container in which the counterfeit goods are carried or stored, and seize and impound any and all equipment, disks, reproduction equipment photographs, computer files, computer images, electronic images, samples, prototypes and templates bearing, containing or depicting any of the Plaintiffs' trademarks or copyrighted images, and deliver the same up to be held by the Plaintiffs pending a further order of this Court. The United States Marshal and/or their designee are further directed to use all reasonably necessary force to accomplish the foregoing;

4

2.      and that the United States Marshal or their designee, and persons acting under their supervision, shall consider as counterfeit all goods in the possession, custody or control of the Defendants which bear or display an unauthorized copy of the Plaintiffs' trademarks or are an unauthorized copy of any copyrighted image of Plaintiffs, or such goods as identified by Plaintiffs' agents;

3.      and that the United States Marshal and/or their designee be directed to seize the accounting invoices and any written documentation and information in connection with the purchase or sale, or shipment or transfer of the counterfeit goods, including but not limited to purchase orders, sales invoices, business records, shipping invoices, bills of lading, computer records, computer files, computer images, and the like, and allow Plaintiffs and their attorneys to immediately inspect and copy same;

4.      and that the United States Marshal and/or their designee, and persons acting under their supervision, shall fully cooperate with Plaintiffs, their attorneys, and agents to the end that representatives of the Plaintiffs accompany the United States Marshal and/or their designee to identify the counterfeit goods and the above said records. The United States Marshal and/or their designee is directed in particular to seize any counterfeit trademark or copyrighted goods of Plaintiffs' and/or related records as identified by Plaintiffs or its attorneys or agents at, in or around the facilities of the Defendant, **Global Prints d//b/a Campus Sales  located at 71 Amory Street, Boston/Roxbury, Massachusetts, and located outside the Prudential Center in Boston** and any trucks, storage bins, boxes, cartons, vehicles or other storage area at, around or in said premises in which said counterfeit goods are being stored, housed, maintained or transported. The United States Marshal and/or their designee are further directed to use all reasonably necessary force to accomplish the foregoing.

5.    The United States Marshal and/or their designee are empowered and directed to permit Plaintiffs, their attorneys or agents, if Defendants fail or refuse to identify such records or such records cannot otherwise be located, to search through all records of the Defendants at the above-said premises to locate those records relating to the particular counterfeit goods. The United States Marshal and/or their designee are further directed to use all reasonably necessary force to accomplish the foregoing.

6.    Pursuant to 15 U.S.C. §1116 (d) (10) (A), the Court shall conduct a further hearing on this Order for seizure on August 29, 2005, at 3:00 a.m. p.m.

7.    As security for the issuance of this Order, the Applicant shall post with this Court a surety bond in the amount of Fifty Thousand ($50,000.00) Seventy-five Thousand ($75,000.00) dollars, prior to the execution thereof.

8.    The Plaintiffs agree to indemnify and hold harmless the United States Marshals' Office and/or their designee for any and all claims arising out of this Order.

DONE and ORDERED in chambers at the United States District Courthouse, Boston, this 16 day of August, 2005.

11:10 A.M.