UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IMPULSE IMPORTS d/b/a IMPORT IMAGES, et. al.<br><br>Plaintiffs<br>v.<br><br>GLOBAL PRINTS, INC. d/b/a CAMPUS SALES, et. al.<br><br>Defendants. | Civil Action No. 05-11691 RCL |

**STIPULATED PROTECTIVE ORDER GOVERNING EXCHANGE
OF CONFIDENTIAL INFORMATION**

The parties in the above-captioned matter, Impulse Imports d/b/a Import Images (hereinafter "Impulse" or "Plaintiff"), Pyramid Posters Limited (hereinafter "Pyramid" or "Plaintiff"), Fifty-Six Hope Road Limited (hereinafter "Fifty-Six Hope Road" or "Plaintiff"), Sheffield Enterprises, Inc., (hereinafter "Sheffield" or "Plaintiff"), Lions Gate Entertainment, Inc. (hereinafter "Lions Gate" or "Plaintiff"), Artisan Pictures, Inc. (hereinafter "Artisan" or "Plaintiff"), James Dean Inc. (hereinafter "Dean, Inc." or "Plaintiff"), James Dean Foundation (hereinafter "Dean Foundation" or "Plaintiff"), Anthill Trading, Ltd. LLC (hereinafter "Anthill" or "Plaintiff"), Pearl Jam, LLC (hereinafter "Pearl Jam" of "Plaintiff"), End of Music, LLC (hereinafter "End of Music" or "Plaintiff"), Radiohead Trademark Limited Corp. (hereinafter "Radiohead" or "Plaintiff"), Orion Pictures Corp. (hereinafter "Orion" or "Plaintiff"), a subsidiary of Metro-Goldwyn-Mayer, Inc. (hereinafter "MGM" or "Plaintiff"), Universal Studios, Inc. (hereinafter "Universal" or "Plaintiff"), and Museum Masters International (hereinafter "Museum Masters" or "Plaintiff") a division of ArtMerchandising & Media Inc., (hereinafter all Plaintiffs collectively as "Plaintiffs"); and Defendants, Global Prints, Inc.

(hereinafter "Global") d/b/a Campus Sales and Paul Kennedy (hereinafter "Kennedy" and collectively as "Defendants") (hereinafter both the Plaintiffs and Defendants are collectively referred to herein as "Parties") have stipulated to a protective order governing the exchange of confidential information as follows:

## RECITALS

1. The Parties are engaged in formal discovery pursuant to the Federal Rules of Civil Procedure;

2. The Parties assert that discovery will require the disclosure of information or matters that include trade secret or other confidential research, development, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure;

3. The parties agree to enter into this Stipulated Protective Order ("Order") to avoid the time and expense to be incurred by the Parties in connection with formal motions and requests for hearings seeking protective orders from the Court.

## AGREEMENT

*I.   DEFINITIONS.*

A. **"Confidential Information"** shall mean any information and things, whether revealed through seizure, during a deposition, in a document, in a discovery response or otherwise, which information and things are included in the following categories:

1. **Business Information** including, but not limited to, customer names, customer lists, customer files, customer communications, sales quotations, prospect lists, business plans, marketing literature and information, market searches, marketing strategies, regulatory plans and strategies, sales forecasts, pricing information, partnership agreements, board minutes and materials, investor lists, investor files, investor agreements, stock option plans, stock option

agreements, compensation information, employee lists, consultant lists, financial information, and vendor information, supplier information and licensing agreements and information, and any other sensitive or proprietary information of a Party or non-party.

B. **"Producing Party"** shall mean any Party, or non-party, who produces for inspection, provides access to, provides copies of, or otherwise discloses Confidential Information to any other party.

C. **"Requesting Party"** shall mean any Party who requests the production, provision of access, provision of copies, or disclosure of Confidential Information from a Producing Party.

D. **"Receiving Party"** shall mean any Party who receives the Confidential Information of another Party.

II.   *ADMINISTRATION AND LOGISTICS.*

A. **Designation.** For written discovery or deposition testimony, Confidential Information may be designated by the Producing Party as **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY."**

B. **Discovery Requests.** For written discovery responses and for documents and things produced in response to discovery requests which constitute or contain Confidential Information, the responses or documents, as the case may be, shall be designated by the Producing Party at the time of production by stamping or otherwise affixing thereto a designation as provided in Section II.A.

C. **Deposition Testimony.** If during the course of a Producing Party's deposition, such Producing Party believes all, or a portion, of its testimony constitutes Confidential Information, at any time during the course of the deposition, counsel for the Producing Party may designate that all, or a portion, of the testimony and resulting deposition transcript is Confidential

Information by stating that such information is **"CONFIDENTIAL"** OR **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** as provided in Section II.A. If the Producing Party designates any portion of the testimony as **"CONFIDENTIAL – ATTORNEYS EYES ONLY,"** then only those persons authorized under Section III.A. may remain present during the testimony. If the Producing Party designates any portion of the testimony as **"CONFIDENTIAL,"** then only those persons authorized under Section III.B. may remain present during the testimony.

**D. Copies of Confidential Information.** The parties agree to the following parameters for the production of Confidential Information. Legible photocopies of documents, and where reasonably possible, inspected things, may be used for all purposes in this action in the place of, and to the extent that, "originals" may be so used. The "original" of the document, to the extent and in whatever form it may be found in the files of a Party, and the original things, shall be made available for inspection at reasonable times upon reasonable request of the Requesting Party.

**E. Inadvertent Disclosures.** If a producing Party at any time notifies the Requesting Party in writing, that it advertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrines, and/or any other applicable privilege or immunity from disclosure, the Requesting Party shall not review, or shall cease review if then reviewing such items, and return all copies of such documents, testimony, information, and/or things to the Producing Party within five (5) business days of receipt of such notice. The Requesting Party shall not use such items for any purpose until further order of the Court. The return of any discovery item to the Producing Party shall not preclude the Requesting Party from moving the Court for a ruling that: (i) the document or thing was never privileged or protected; or (ii) the privilege or protection has been waived.

**F. Inadvertent Production Without Designation.** The inadvertent production of any document or thing without Confidential designation shall be without prejudice to a subsequent claim that such material is confidential. If the Producing Party asserts that such materials include Confidential Information, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked Confidential and treated as such. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

*III.*   *AUTHORIZED ACCESS TO AND USE OF CONFIDENTIAL INFORMATION.*

   A. Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** shall be limited to the following persons:

   1. Outside counsel for the Requesting Party, and their paralegals, administrative assistants, secretaries, and support staff, and litigation support services, including without limitation, copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors. It will be the responsibility of each of the Parties' undersigned counsel to ensure compliance with the protective order. Execution of this Order by undersigned counsel shall constitute a representation that outside counsel for the Parties shall use reasonable best efforts to ensure that all such persons shall observe the terms of this Order:

   2. Subject to Section V of this Order, outside consultants, or experts retained by a Requesting Party in this litigation who are not employees of the Requesting Party or its affiliates, and who do not have any subsisting or ongoing employment or retainer relationship with a Requesting Party, and who shall agree to be bound by

this Order to the same extent as if they were a party to this agreement and shall not use a Producing Party's Confidential Information: (i) for the benefit of the Requesting Party other than in connection with this litigation; or (ii) for the benefits of any other person or entity; and

    3.    Court reporters, videographers, and Court personnel, as necessary.

**B.** Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated **"CONFIDENTIAL"** shall be limited to the following persons:

    1.    All persons described in Section III.A;

    2.    In-house counsel for the Requesting Party, and their paralegals, administrative assistants, secretaries, and support staff. Execution of this Order by undersigned counsel shall constitute a representation that all such persons shall observe the terms of this Order.

    3.    Any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if (i) the witness is listed as an author or recipient on the face of such Confidential Information; and/or (ii) the lawyer disclosing such Confidential Information has a good-faith reasonable belief based upon the witness's testimony that the witness may have access to the Confidential Information; and

    4.    Patrick Smith of Impulse;

    Ally Mayer of Pyramid;

    Paul Kennedy of Global.

**C.** Use and/or dissemination of Confidential Information, whether designated **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** shall be in strict accordance with Sections IV – VIII of this order.

*IV.* *BRIEF CONTAINING CONFIDENTIAL INFORMATION.*

**A.** If a party wishes to submit to the Court any Confidential Material, or to use or refer to the same in briefs, affidavits, or in any other document or submissions, the parties shall confer in good faith in an effort to reduce or eliminate the amount of Material which is designated as Confidential. If a party still wishes to submit Confidential Material to the Court, the Party shall file a motion for an order permitting the documents or submissions which contain Confidential Material to be filed under seal. Pursuant to Section VIII, this motion may alternatively challenge the designation of any Material as Confidential.

**B.** If a party wishes to introduce any Confidential Material on the public record at a hearing or trial, such party shall give the producing party reasonable advance written notice of such intention, such notice to clearly specify the Confidential Material to be disclosed, so as to afford the producing party the opportunity to apply to the Court for an order of non-disclosure or for other protection. Listing of Confidential Material as potential exhibits will satisfy the requirements of this paragraph.

**C.** The ultimate disposition of any Confidential Material filed with the Court shall be subject to final order of the Court upon completion of litigation.

*V.* *CONSULTANTS AND EXPERTS.*

**A.** The following provisions shall control the dissemination of Confidential Information to consultants and experts.

1. A party proposing to show Confidential Information to a consultant or expert per Section III.A.2, above, shall first submit to the other parties a sworn undertaking, in substantially the format attached hereto as Exhibit A, and a curriculum vitae ("C.V.") which includes the consultant's or expert's name, current business affiliation and address, and any known present or former relationships between the consultant or expert and the Producing Party or known competitor of the Producing Party. The undertaking and C.V. shall be delivered to the Producing Party by facsimile with confirmatory copy at least ten (10) calendar days prior to the disclosure of any Confidential Information to such consultant or expert.

2. If a part receiving a notice pursuant to Section V, objects to such Confidential Information being disclosed to the selected consultant or expert, such Party shall make its objections known to the sender of the notice, via facsimile with a confirmatory copy, within ten (10) calendar days of a receipt of the written notification required by Section V. If a written notice of objection is provided, no Confidential Information shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the Parties involved.

VI. *NO OTHER DISCLOSURE OR USE.*

Under no circumstances shall any Party or person subject to this Order disclose or make use of any Confidential Information designated **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** that is obtained by the party or person except for purposes strictly necessary to the litigation of this civil action.

*VII.   PATENT, TRADEMARK AND COPYRIGHT PROSECUTION.*

Disclosure or use of the any Confidential Information designated **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** is expressly prohibited in the course of advising or consulting on any patent, trademark or copyright prosecution matters and is expressly prohibited in the course of preparing or prosecuting any patent, trademark or copyright application.

*VIII.   **CHALLENGES TO DESIGNATION**.*

This order shall be without prejudice to the right of any Party, any person bound by this Order, or any interested member of the public, to bring before the Court the question of whether any particular item is properly designated **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** or properly designated as Confidential Information under the terms of this Order. The Party challenging the designation of an item as Confidential Information shall make a reasonable and good faith attempt to informally resolve the challenge prior to bringing a motion. Until an order is obtained from the Court, the challenging Party shall treat the item as designated by the Producing Party, pursuant to the terms of this Order.

*IX.   **THIRD-PARTY PRODUCTIONS**.*

To the extent that documents, things, and deposition testimony are sought from a third-party, and in the event any documents, things, and/or deposition testimony are obtained from a third-party, such third-party shall have the right to designate any such documents, things, and/or deposition, testimony as **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** and the use of such Confidential Information by any Receiving Party shall be governed in all respects by the terms of this Order.

X.   *LASTING OBLIGATIONS*.

**A.** Upon final termination of this action, the following provisions shall continue in full force and effect, with regard to the subject matter of this Order.

**B.** All persons subject to the terms hereof shall collect and return to the respective Parties all material designated **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** and all copies thereof, and shall return or destroy all other outlines, summaries, abstracts, compilations, memoranda and other documents, embodying or concerning such information and materials. Alternatively, all persons subject to the terms of this Order may certify in writing that such materials and documents have been destroyed. Notwithstanding the foregoing, outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties, including deposition, hearing, and trial transcripts, recordings and exhibits.

**C.** All obligations and duties arising under this Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

**D.** This Order shall apply to pre-trial proceedings and not to the trial of this action. The Parties shall address any needed protection for the confidentiality of materials introduced into evidence at a trial with the Court at the pretrial conference.

Respectfully submitted,
Impulse Imports d/b/a Import Images, et. al.,

/s/ Timothy J. Ervin
TIMOTHY J. ERVIN, BBO #567042
JOHN F. GALLANT, BBO #547951
GALLANT & ERVIN, LLC
One Olde North Road, Ste. 103
Chelmsford, MA  01824
(978) 256-6041
Fax: (978) 256-7977
Email: tim@gallant-ervin.com
       john@gallant-ervin.com

Global Prints d/b/a Campus Sales, et al.,

/s/ David M. Ianelli
DAVID M. IANELLI, BBO #567274
BOWDITCH & DEWEY
311 Main Street
Worcester, MA 01608
(508) 791-3511
Fax:  (508) 929-3020
Email: dianelli@bowditch.com

## CERTIFICATE OF SERVICE

I, Timothy J. Ervin, hereby certify that on this 31st day of August 2005, I have served a true copy of the foregoing documents on all counsel of record by causing a copy of the same to be delivered either by email, facsimile and overnight mail, to:

>David M. Ianelli, Esq.
>Bowditch & Dewey
>311 Main Street
>Worcester, MA 01615

_____
Timothy J. Ervin