**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| I M P-15. J M B-45, et al | CV-05-11691-RCL |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Global Prints, Inc. d/b/a college sales | c. v. 1 |

**SERVE** ► NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Global Prints, Inc. d/b/a City, sales

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** Prudential Center Tent location

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Timothy J. Ervin
Gallant & Ervin LLC
Fields worth 12 Ste 103
Chelmsford MA 01824

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 2 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

See 2 copy, attached of Posters + services

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 978-851-2-1020 | DATE |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process 1 | District of Origin No. 38 | District to Serve No. 38 | Signature of Authorized USMS Deputy or Clerk | Date 8/16/05 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above): TONY RESCN

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above): 2 USMS @ 3 hrs ea.

Date of Service 8/16/05   Time am/pm

Signature of U.S. Marshal or Deputy

| Service Fee 80.00 | Total Mileage Charges (including endeavors) 1.10 | Forwarding Fee — | Total Charges 181.10 | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: 3 miles R-T

**PRIOR EDITIONS MAY BE USED**          **1. CLERK OF THE COURT**          **FORM USM-285 (Rev. 12/15/80)**

**U.S. Department of Justice**
**United States Marshals Service**



UNITED STATES MARSHALS SERVICE
DISTRICT OF _MA_

## SEIZED PROPERTY AND EVIDENCE CONTROL

RECEIVED FROM (Name and address): Global Prints (a) Prudential Center

CASE NO. CV-05-11691 RCL      CASE TITLE Impulse Imports v Global Prints.

SUBJECT (Name, address) Posters and Prints and Records

| ITEM NO. | QTY. | DESCRIPTION OF ARTICLES (Include model, serial no., identifying marks, condition, value, etc.) | STORAGE LOCATION |
|---|---|---|---|
| # | ATTACHED LIST | ATTACHED LIST. ALL ITEMS. | |
| | | (CRATES 473, 474, 475, 478) | |
| | | | |
| | | | |

I certify that I have received and hold myself accountable for the articles listed above:

| NAME & TITLE (Type or printed) | AGENCY | DATE | SIGNATURE |
|---|---|---|---|
| Stephen A. Doyle | USMS | 8/16/05 | |

## CHAIN OF CUSTODY

| ITEM NO. | DATE | RELINQUISHED BY | RECEIVED BY | PURPOSE |
|---|---|---|---|---|
| | 8/16/05 | NAME & AGENCY / SIGNATURE | NAME & AGENCY Andrea Powers Ass. / SIGNATURE Kristen Schober | CUSTODY AND CONTROL |
| | | NAME & AGENCY / SIGNATURE | NAME & AGENCY / SIGNATURE | |
| | | NAME & AGENCY / SIGNATURE | NAME & AGENCY / SIGNATURE | |

(Over)

Form USM - 102
Rev. 04/78
Automated 01/01

# Inventory

**Subj:** Global Prints/Prudential Center Kiosk     Holly Resh

D.O B.
4/26/73

| Trademark | Item Description | Retail Price | Pieces | Total Pieces |
|---|---|---|---|---|
| **Bob Marley** | Posters | | 𝓗𝓗𝓗𝓗 𝓗𝓗 |- | (1) |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Reservoir Dogs** | Posters | | 𝓗𝓗𝓗 𝓗 |-|- | (2) |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Phish** | Posters | | | |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |

1

| Trademark | Item Description | Retail Price | Pieces | Total Pieces |
|---|---|---|---|---|
| **Miles Davis** | Posters | | | |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **James Dean (East of Eden/ Rebel Without A Cause /Giant** | Posters | | ✗✗✗ - ✗ - ✗✗✗<br>1- | 1 |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Pearl Jam** | Posters | | | |
| | Art Work | | | |
| | | | | |
| | | | | |

2

| Trademark | Item Description | Retail Price | Pieces | Total Pieces |
|---|---|---|---|---|
| **Bob Dylan** | Posters | | | |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **RAT PACK** | Posters | | ⌐ 1⁻ | 1 |
| | Art Work | | | |
| | | | | |
| | | | | |
| | | | | |
| **Radiohead** | Posters | | 1⁻ 1⁻ | 2 |
| | Art Work | | | |
| | | | | |
| Kurt Cobain | posters | | 1⁻ | 1 |
| Army of Darkness | posters | | 1⁻ | 1 |
| Sting | posters | | 1⁻ | 1 |
| Salvador Dali | posters | | 2 - 2⁻ 1 -2 - small - 1 | 6 -m |
| Carlitos Way | poster | | 1 | 1 |

3

| Trademark | Item Description | Retail Price | Pieces | Total Pieces |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Investigator:**

**Date:**

**Police Officer:**

4

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| ɛMßɛ/ɨ ImßɛÞ ɛʈ ɑ / | CV-05-1691-RCL |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Global Prints Inc d/h/A ωβ̣ɣ βɨ/ɛ↲ | Civ / |

**SERVE** ▶ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Global Prints d/b/A Gɨ/ʈɛ↲ß Þɛ/↲ɨ

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** ?/ Amߣ↲ɣ sߢ↲ɛcߢ Bɛ↲ßɛ↲/ Rɛ↲ɧɛ↲ɣ

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| Timothy J. Ervin | Number of process to be served with this Form - 285: 1 |
| Gɑ//ɑɴß ɣ Erɛʋɴ, LLc | Number of parties to be served in this case: 2 |
| 1 ɑ/↲ɛ ɴɛ↲ß↲ß Rɛ) Sߢɛ /ɛ3 | |
| Chɛ/ʌsFɛ↲↲ MA ɛ/ɧ24 | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Sɛ↲ɛɛɴɣ, ɑɴßɛ↲ɴɣɛɴɣ ßɛ↲ßɛ↲s + ↲ɛɛ↲ßↄ/s

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | | 978-852-1020 | |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 38 | No. 38 | Corey Iilauer | 8/16/05 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | A person of suitable age and discretion then residing in the defendant's usual place of abode. ☐ |
|---|---|
| Paul Kennedy | |

| Address (complete only if different than shown above) | Date of Service | Time | ⓐ̲ⓜ |
|---|---|---|---|
| | 8/18/05 | 10:20 | pm |
| | Signature of U.S. Marshal or Deputy | | |
| | Don Freeman | | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| | | |
|---|---|---|
| **PRIOR EDITIONS MAY BE USED** | **1. CLERK OF THE COURT** | **FORM USM-285 (Rev. 12/15/80)** |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
                              )
IMPULSE IMPORTS d/b/a IMPORT  )
IMAGES, et. al.               )
                              )
        Plaintiffs            )
                              )
v.                            )
                              )
GLOBAL PRINTS, INC. d/b/a CAMPUS )
SALES, et. al.                )
                              )
        Defendants.           )
                              )
```

# 05 - 1 1 6 9 1 RCL

## ORDER EX-PARTE SEIZURE

This cause has come before the Court upon the application of Plaintiffs for an ex-parte Order

under 15 U.S.C. § 1116 (d)(4) and 17 U.S.C. §501, *et. seq.* to seize any and all infringing

products bearing any of the Plaintiffs' trademarks and/or constituting an impermissible copy of

any copyrighted matter of Plaintiffs in the care, custody or control of the Defendants, Global

Prints d/b/a Campus Sales and Paul Kennedy, and after review of the papers and/or hearing,

being fully advised, the court:

Hereby makes the following findings of fact and conclusions of law pursuant to 15 U.S.C.,

§1116 (d)(5)(A):

1.        The Plaintiffs are all holders of federal trademark registrations and are the

owners and exclusive licensors of certain intellectual property rights identified in the Complaint.

2.        The Plaintiffs have used their respective trademarks in commerce on

numerous products, including but not limited to posters and other similar products.

3.        The Plaintiffs Impulse Imports and Pyramid Posters have each entered into licensing agreements authorizing them to manufacture, sell and distribute posters bearing and containing the copyrights and trademarks of each of the Plaintiffs in this suit. (hereinafter referred to as the "Licensed Products").

4.        As a result of the marketing and sale of Licensed Products, the Plaintiffs have gained recognition and good will in their trade names and have come to be known as the source for licensed products.

5.        Plaintiffs have actively marketed and sold the Licensed Product within numerous geographical territories, including the Commonwealth of Massachusetts.

6.        Upon evidence presented to this Court, the Defendants have been manufacturing, distributing and selling posters that have not been authorized by the Plaintiffs and which posters contain a copy or exact replica of Plaintiffs' trademarks, an exact copy or replica of Plaintiffs' copyrighted images and which are substantially similar and nearly indistinguishable from Plaintiffs' Licensed Products such that they are creating a likelihood of confusion as to the origin and constitutes an infringement upon Plaintiffs' rights.

7.        The Plaintiffs have purchased infringing posters from the Defendants confirming the alleged illegal activity and/or provided documentary evidence demonstrating the Defendants' manufacture and sale of infringing products.

8.        Prior to the commencement of this action, no agent, servant or employee of the Plaintiffs notified the Defendants of the contemplated action to move to obtain an ex-parte seizure order.

9.        It is likely that without the ex-parte seizure order, the Defendants will simply transfer the infringing products in their possession to third parties, even if the Court issued an injunction order barring the transfer or sale of these materials.

10.       It is apparent that a seizure order is the only feasible means to protect against the disappearance of all unauthorized products in the possession of the Defendants.

11.       As a matter of law this Court finds that ex-parte seizure orders to seize

2

infringing merchandise are expressly permitted under 15 U.S.C. §1116 (d)(4).

12.       Ex-parte seizure orders have been granted by district courts in the past, including in favor of some of the Plaintiffs in this action, against individuals and companies passing off infringing merchandise to the public. See, *Fimab-Finanziaria Maglificio v. Helio Import/Export,* 601 F.Supp. 1 (S.D. Fla. 1983); *Fimab-Finanziaria Maglificio v.Kitchen,* 548 F.Supp. 248 (S.D. Fla. 1982). See Also, *Fifty Six Hope Road Ltd, et. al. vs. O.K. Mike et.al.*, Central District of California, Civil Action No. 03-1088; *Fifty Six Hope Road Ltd. et.al. v. Wailers, et. al.*, Central District of California, Civil Action No. 02-01894.

13.       The Plaintiffs have duly notified the United States Attorney of the proposed ex-parte action against the Defendants.

14.       The Plaintiffs have represented that they will post a security bond in the amount of $50,000.00 prior to the effectuation of this Order.

15.       As a matter of law this Court finds that an ex-parte seizure order in this matter is necessary to prevent the transfer of counterfeit goods to unknown third parties. *In re Vuitton et fils S.A.,* 606 F.2d 1 (2d. Cir. 1979).

16.       As a matter of law, I find that the Plaintiffs have demonstrated that an order other than an ex-parte seizure order is not adequate to achieve the purposes of Section 1114 of this title.

17.       As a matter of law, I find the applicants have not publicized the requested seizure.

18.       As a matter of law, I find the applicants are likely to succeed in showing that the persons against whom seizure will be ordered have used a counterfeit mark in connection with the sale, offering for sale, and distribution of goods and services.

19.       As a matter of law, I find an immediate and irreparable injury will occur if such seizure is not ordered.

20.       As a matter of law, I find the matter to be seized will be located at the places identified in the application.

3

21.        As a matter of law, I find the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the persons against whom seizure would be ordered by granting the application. See, *Cadence Design Systems, Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997) ("A defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist its infringing activities").

22.        As a matter of law, I find the persons against whom seizure would be ordered, or persons acting in concert with such persons, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

Having made the above-identified findings of fact and conclusions of law, the Court hereby ORDERS, ADJUDGES and DECREES that:

1.        Upon the Posting of the Security Bond in the amount of $75,000.00, the United States Marshal for this judicial district and/or their designee jointly or severally, and persons acting under their supervision, shall seize and impound any and all infringing products bearing any of the Plaintiffs' trademarks and/or copyrights which the Defendants are in possession of, which Defendants are attempting to sell or are holding for sale, including any carton or container in which the counterfeit goods are carried or stored, and seize and impound any and all equipment, disks, reproduction equipment photographs, computer files, computer images, electronic images, samples, prototypes and templates bearing, containing or depicting any of the Plaintiffs' trademarks or copyrighted images, and deliver the same up to be held by the Plaintiffs pending a further order of this Court. The United States Marshal and/or their designee are further directed to use all reasonably necessary force to accomplish the foregoing;

4

2. and that the United States Marshal or their designee, and persons acting under their supervision, shall consider as counterfeit all goods in the possession, custody or control of the Defendants which bear or display an unauthorized copy of the Plaintiffs' trademarks or are an unauthorized copy of any copyrighted image of Plaintiffs, or such goods as identified by Plaintiffs' agents;

3. and that the United States Marshal and/or their designee be directed to seize the accounting invoices and any written documentation and information in connection with the purchase or sale, or shipment or transfer of the counterfeit goods, including but not limited to purchase orders, sales invoices, business records, shipping invoices, bills of lading, computer records, computer files, computer images, and the like, and allow Plaintiffs and their attorneys to immediately inspect and copy same;

4. and that the United States Marshal and/or their designee, and persons acting under their supervision, shall fully cooperate with Plaintiffs, their attorneys, and agents to the end that representatives of the Plaintiffs accompany the United States Marshal and/or their designee to identify the counterfeit goods and the above said records. The United States Marshal and/or their designee is directed in particular to seize any counterfeit trademark or copyrighted goods of Plaintiffs' and/or related records as identified by Plaintiffs or its attorneys or agents at, in or around the facilities of the Defendant, **Global Prints d//b/a Campus Sales located at 71 Amory Street, Boston/Roxbury, Massachusetts, and located outside the Prudential Center in Boston** and any trucks, storage bins, boxes, cartons, vehicles or other storage area at, around or in said premises in which said counterfeit goods are being stored, housed, maintained or transported. The United States Marshal and/or their designee are further directed to use all reasonably necessary force to accomplish the foregoing.

5

5.    The United States Marshal and/or their designee are empowered and directed to permit Plaintiffs, their attorneys or agents, if Defendants fail or refuse to identify such records or such records cannot otherwise be located, to search through all records of the Defendants at the above-said premises to locate those records relating to the particular counterfeit goods.  The United States Marshal and/or their designee are further directed to use all reasonably necessary force to accomplish the foregoing.

6.    Pursuant to 15 U.S.C. §1116 (d) (10) (A), the Court shall conduct a further hearing on this Order for seizure on August 29, at 3:00 p.m. P.M.

7.    As security for the issuance of this Order, the Applicant shall post with this Court a surety bond in the amount of Fifty Thousand ($50,000.00) dollars, prior to the execution thereof.

8.    The Plaintiffs agree to indemnify and hold harmless the United States Marshals' Office and/or their designee for any and all claims arising out of this Order.

DONE and ORDERED in chambers at the United States District Courthouse, Boston, this 16 day of August, 2005

11:10 A.M.

I hereby certify on 8/16/05 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☐ original filed in my office DISTRICT
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

DISTRICT OF MASSACHUSETTS

6